IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case no. 23-cr-00361-RDM |
| v. | : | |
| 1. DAVID CHRISTIAN TYNER, | : | |
| Defendant. | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant David Christian Tyner, by and through his counsel of record, Nancy Kardon, hereby respectfully submits this sentencing memorandum in connection with the above-captioned case.  For the reasons set forth herein, the defense requests that this Court sentence Mr. Tyner to 36-months' probation, including 50 hours of community service within one year, $500 in restitution, and a $20.00 special assessment, all as recommended by the United States Probation Office in the Presentence Investigation Report (ECF Doc. 44).

I.     **Introduction**

Before this Court is 51-year-old David Christian Tyner, who has zero criminal history, and pled guilty, pursuant to a plea agreement, to two class B misdemeanors charged in the Information, specifically, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Three), and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Four), on January 6, 2021.  Pursuant to United States Sentencing Guidelines §1B1.9, the sentencing guidelines do not apply.  As such, this Court is called upon to sentence Mr. Tyner, pursuant to 18 U.S.C. § 3553(a), to a sentence that is sufficient, but not greater than necessary, to satisfy the objectives of sentencing.

As noted by the government in its Sentencing Memorandum, Mr. Tyner has taken full responsibility for his actions on January 6th by self-surrendering to Washington D.C. on a Criminal Complaint, indicating to the government at his Initial Appearance that he intended to plead guilty, accepting the first plea agreement extended to him, and then pleading guilty on October 26, 2023, before there had been a single status hearing in the case.  The plea agreement in this case included an agreement by Mr. Tyner to permit law enforcement agents to review his social media accounts, as well as to interview him regarding the events in and around January 6, 2021, prior to sentencing.  Mr. Tyner fully satisfied his agreement with the government.

The Probation Office, "consider[ing] the sentencing factors set forth in 18 U.S.C. § 3553(a)," (see Sentencing Recommendation at P. 2), recommends in the PSIR that Mr. Tyner be sentenced to 36-months' probation, 50 hours of community service within one year, and a $500 restitution fee to the Architect of the Capitol.  The defense concurs with that recommendation, for all of the reasons set forth below.

In its Sentencing Memorandum, the government, recognizing that Mr. Tyner has taken full responsibility for his actions on January 6th, communicating his intention to plead guilty at his first opportunity and immediately accepting the initially-offered plea agreement, proffering completely and truthfully, and demonstrating full remorse for his offense conduct, asks that this Court sentence Mr. Tyner to 14 days of incarceration on Count Three, and to 36 months of probation on Count Four, which would include 60 hours of community service.

2

It is the defense position that, concurring with the PSIR, and for the reasons set forth below, the sentence recommended by the government is greater than necessary to satisfy the objectives of sentencing, and would result in an unwarranted sentencing disparity, considering solely the three cases referenced in the government's Sentencing Memorandum.

II. **Personal History and Characteristics of Mr. Tyner**

Mr. Tyner is married and has three children, one daughter, Liberty (age 24), and two sons, Christian (age 21) and Riley (age 23), whom he adopted as a young child.  Liberty Tyner describes her father as an "exemplary dad," who has "consistently demonstrated the utmost kindness, intelligence, selflessness, and dedication to both his family and his professional endeavors," and has been a "constant source of guidance, wisdom, love, and unwavering support."  (See Liberty Tyner's letter to the Court attached hereto as Exhibit A).  Mr. Tyner's wife, Kristen Ferris, describes her husband's "relentless commitment to self-improvement" and his "unmatched" "dedication to family and pursuit of his passions."  She references the many discussions she has had with Mr. Tyner about his involvement in the January 6th riots and her recognition of his "feeling a great deal of remorse . . . reflected in both his words and actions." (See Kristen Ferris' letter to the Court attached hereto as Exhibit B).  Mr. Tyner's father, Peter Tyner, speaks of Mr. Tyner's "teachable-ness" and expresses that "[Mr. Tyner's] feelings about things are stronger than most people's, beginning with his unyielding sense of fairness for everybody."  Peter Tyner notes, "His actions on Jan. 6, and his arrangements to bring Christian along, somehow descended from its intent of idealistic expression," and that "He has told me many times he sincerely regrets but stands accountable for his actions."  (See Peter Tyner's letter to the Court attached hereto as Exhibit C).

3

Mr. Tyner, who has specialized training in computer programming and computer graphics, currently works as a Technical Product Marketing Manager IV at NVIDIA Corporation, where he has worked for the past five years, and provides sole support for his family. His wife has been unemployed since July 2022. Mr. Tyner is responsible to pay the home mortgage, as well as provide medical insurance for his wife and children, one of whom is transgender and is currently undergoing costly surgeries. Mr. Tyner has been informed that as long as he is not ordered to serve time in custody as a result of his convictions in this matter, he will be permitted to retain his employment at NVIDIA. Mr. Tyner's employment will be terminated if he is required to serve time in custody.

### III.     Nature and Circumstances of the Offense

For Mr. Tyner, his commission of the offenses of conviction will always stand out to him as a "moment in time" when he was caught up in the swell of "patriotism" on behalf of the President of the United States, where he completely lost sight of what is right. (PSR at ¶ 31). As Mr. Tyner wrote in his statement to the Probation Office, "On January 6, 2021, I led my son into the US Capitol building in Washington DC in protest of [sic] 2022 presidential election results. An abhorrent decision that's haunted me nearly every day for the last 3 years, it was dangerous, irresponsible, and completely outside of my demonstrated character as a man, father, and proud United States citizen. I am grateful to live in a country ruled by law and order and for the people who strive to maintain it." (PSR at ¶ 30).

In his attached letter to this Court, Mr. Tyner references the soul-searching he has done over the past three years to understand his role in the January 6th riot. He indicates as follows: "[O]ne thing that's clear is that I was deceived. I should say, I allowed myself to be deceived.

4

My sense of patriotism to the country I love was exploited by former President Donald Trump, attempting to cling to the power he lost in a free and fair election. I feel used and betrayed. However, as everyone is accountable for their own actions, the betrayal I feel lies solely with me. I betrayed my own sense of truth, my responsibility to my family, and the system of law and order that makes the United States the greatest country in the world." Importantly, he fully recognizes the "damage [his participation] inflicted on the nation," feels the "shame" for his actions, knows he will never repeat that behavior, and is committed to "support[ing] [his] community and country by adhering to principles promoting unity over division." (See David Tyner's Letter to the Court attached hereto as Exhibit D). Further, in the event there is any confusion, Mr. Tyner is truly ashamed and full of regret that he involved his son, co-defendant Christian Tyner, in his offenses. (See PSR at ¶ 3, and Exhibit D).

### IV.     Unwarranted Sentencing Disparities

The three cases cited by the government in its Sentencing Memorandum support the Probation Office's recommended sentence of 36-months of probation, with 50 hours of community service. That is, in United States v. Ticas, 21-cr-601 (JDB), the court sentenced Ticas to the 14 days of incarceration recommended by the government in this case. In that case, unlike this case, Ticas brought his minor child into the Capitol, Ticas moved extensively throughout the Capitol (versus staying in the Rotunda), and Ticas expressed zero remorse for his actions, up to and including at sentencing. Surely those facts necessitate a greater sentence.

In United States v. Michael McCormick, 21-cr-710 (TSC), the court also sentenced McCormick to the 14 days of incarceration recommended here, where, unlike Mr. Tyner, McCormick took pictures inside of the Capitol and then obstructed the investigation by deleting those pictures and other evidence of his presence in the Capitol, after learning the FBI was investigating him, and, most importantly again, McCormick expressed zero remorse for his conduct.  While it is true that Mr. Tyner initially denied being present in the Capitol, he did so out of the not-surprising-fear one experiences when the FBI shows up unannounced at one's home, and, only after positively identifying himself in the photograph for the FBI.  Unlike McCormick, Mr. Tyner was not involved in the spoliation of evidence, and, Mr. Tyner's remorse for his conduct is undisputed.  Surely McCormick's spoliation of evidence, as well as his continued lack of remorse for his actions on January 6th, necessitate a greater sentence.

Finally, in United States v. Jeremy Harrison, 23-cr-96 (RDM), a case that is more similar to, though still more grave than, the case here, this Court sentenced Harrison to 24 months of probation and 60 days of home confinement.  Unlike Mr. Tyner, Harrison entered the Capitol 10 minutes after the first breach and did so through the Senate Wing Doors, was active on social media and echoed messages on the internet calling for violence, never fully recanted his initial lie related to entering the Capitol, and most importantly, never acknowledged his wrongdoing.  Surely, Harrison's actions in entering soon after the first breach and entering through the Senate Wing Doors, promoting violence on the internet, and failing to ever acknowledge his wrongdoing, necessitate still a greater sentence by the Court than any sentence that might be imposed on Mr. Tyner.

6

**V.      Conclusion**

For all of the reasons set forth above, in order to impose a sentence that is no greater than necessary to satisfy the objectives of sentencing, and to avoid unwarranted sentencing disparities, the defense requests that this Court sentence Mr. Tyner as recommended by the Probation Office, to 36 months of probation, which includes 50 hours of community service within one year, $500 in restitution, and a $20.00 special assessment.

Dated: February 9, 2024                    Respectfully submitted,

                                           NANCY KARDON
                                           Attorney for Defendant
                                           DAVID CHRISTIAN TYNER

                                           */s/ Nancy Kardon*
                                           Nancy Kardon, Esq. (Admitted Pro Hac Vice)
                                           Kardon Law, Inc.
                                           4770 Baseline Road, Suite 200
                                           Boulder, Colorado 80303
                                           Phone: (310) 902-7837
                                           nkardon@kardonlaw.com

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that the foregoing was sent electronically ECF/PACER to counsel of record.

/s/ *Nancy Kardon*